IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRY DON NORTHCUTT,  )
                      )
        Petitioner,   )
                      )
    v.                )    CASE NO. 2:14-CV-242-WKW
                      )           [WO]
UNITED STATES OF AMERICA,  )
                      )
        Respondent.   )

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Terry Don Northcutt's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). This is Northcutt's first § 2255 motion, and it includes a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). For the reasons that follow, Northcutt's § 2255 motion will be held in abeyance pending further briefing on his *Johnson* claim.

## I. BACKGROUND

Northcutt pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) pursuant to a plea agreement. According to the presentence investigation report ("PSR"), Northcutt had four prior convictions, at least three of which subjected him to an ACCA sentencing

enhancement.  (PSR, at ¶ 23.)  Based on the Sentencing Guidelines governing armed career criminals under the ACCA, Northcutt received an enhancement in his base offense level from level 22 to level 33 and a boost in his criminal history calculation from category III to category IV.[1]  (PSR, at ¶¶ 23, 39); U.S.S.G. §§ 4B1.4(b)(3)(B), 4B1.4(c) (2012).  He did not receive a reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines because he absconded while on pre-trial electronic monitoring.  Based on a total offense level of 33 and a criminal history category of IV, Northcutt's guidelines range was from 188 to 235 months.  Northcutt objected to the PSR's determination that he qualified for an ACCA-enhanced sentence.

At the sentencing hearing held on May 9, 2013, the court overruled Northcutt's objection to the ACCA enhancement.  (Sentencing Tr., at 33–36 (Doc. # 8-5).)  It found that Northcutt had four predicate Alabama convictions that qualified as violent felonies under the ACCA: (1) second-degree burglary; (2) assault with intent to murder; (3) first-degree assault; and (4) second-degree escape.[2]  Ultimately, Northcutt was sentenced to 180 months, which was the

---

[1] The PSR's calculations used the 2012 edition of the Guidelines Manual.  (PSR, at ¶ 16.)

[2] Although the court found that the conviction for second-degree escape qualified as a violent felony, it observed that the other three convictions supported the § 924(e) enhancement even without the escape conviction.  (Sentencing Tr., at 37.)

sentence to which the parties agreed in the plea agreement negotiated under Federal Rule of Criminal Procedure 11(c)(1)(C).

Northcutt appealed his sentence. He argued, among other things, that his sentence enhancement under the ACCA was erroneous because the government failed to establish with reliable documents that he was in fact convicted of the ACCA predicate convictions. The Eleventh Circuit rejected that argument and affirmed the judgment and the ACCA-enhanced sentence.

In April 2014, Northcutt filed this § 2255 motion, arguing that his sentencing counsel was ineffective for conceding that his prior Alabama conviction for second-degree burglary, in violation of § 13A-7-6 of the Code of Alabama, was a violent felony for purposes of the ACCA. The next year, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. *Johnson* reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. And in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively in cases on collateral review.

After the Supreme decided *Johnson* and *Welch*, Northcutt was permitted to amend his § 2255 motion to add a claim that his sentence was improperly enhanced under the ACCA's residual clause ("*Johnson* claim").  Responding to the *Johnson* claim, the government "concedes that Northcutt should be resentenced" because his second-degree burglary conviction is not a qualifying ACCA predicate conviction, and it contends further that it will not "seek to enhance Northcutt's sentence" under the ACCA.[3]  (Doc. # 19, at 1.)  On either of his alternative claims, Northcutt requests the court to vacate his sentence and to resentence him without application of the ACCA.  This Order addresses Northcutt's *Johnson* claim.

## II.  DISCUSSION

Northcutt received a 180-month sentence on his § 922(g)(1) conviction for being a felon in possession of a firearm.  A conviction under § 922(g)(1) normally carries a sentence of not more than ten-years' imprisonment.  18 U.S.C. § 924(a)(2).  However, under the ACCA, an individual who violates § 922(g) and has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a fifteen-year minimum sentence.  § 924(e)(1).  The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force

---

[3] Responding to Northcutt's initial § 2255 motion, the government contended that at a resentencing hearing, it would rely on the escape conviction as establishing the third predicate conviction for purposes of the ACCA.  It now has abandoned that argument based upon *Johnson*.

4

against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-crimes clause; and (3) and the residual clause. *See In re Sams*, No. 16-14515-J, ___ F.3d ___, 2016 WL 3997213, at *2 (11th Cir. July 26, 2016). The residual clause is unconstitutionally vague in light of *Johnson*; hence, in order for a prior conviction to qualify as a "violent felony" under the ACCA, it must satisfy the definition of either § 924(e)(2)(B)'s elements clause or enumerated-crimes clause.

Northcutt contends that his sentence was improperly enhanced under the ACCA's residual clause. He appears to contend that after *Johnson*, none of his four prior Alabama convictions qualifies as a violent felony under the ACCA.[4] (Doc. # 17, at 2.)

Because the ACCA's residual clause now is void, Northcutt is correct that his 1985 Alabama conviction for escape in the second degree no longer qualifies as a predicate conviction under the ACCA. Section 13A-10-32 of the Alabama Code defines escape in the second degree as an "escape[ ] or attempt[ ] to escape from a

---

[4] Northcutt proceeded *pro se* until June 21, 2016, when the Federal Defender was appointed to represent him. (Doc. # 20.) Because he filed his pleadings *pro se*, they are construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007 (per curiam).

penal facility."[5] § 13A–10–32(a) (1975).  This crime does not include as an element the use of force, the attempt to use force, or threats to use force against a person. The crime also is not listed in the enumerated-crimes clause; escape in the second degree is not burglary, arson, or extortion and does not involve the use of explosives. While Northcutt's prior conviction for escape in the second degree does not count as a violent felony under the ACCA's definitions that are unaffected by *Johnson*, he still has three other predicate convictions upon which the sentencing court relied to enhance his sentence under the ACCA.

The government contends that Northcutt's Alabama 1972 conviction for second-degree burglary is not a valid a predicate crime under the ACCA based upon the Supreme Court's holding in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and the Eleventh Circuit's application of *Descamps* in *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014).  *Descamps* held that a sentencing court may not consider extra-statutory materials of the sort approved by the Supreme Court under the "modified categorical approach" developed in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), when determining whether a conviction under an "indivisible" criminal statute qualifies as an ACCA predicate offense under the enumerated-crimes clause.  *See id.* at 2285–86.  *Descamps* applies

---

[5] The statute in effect when Northcutt was convicted of escape in the second degree has remained unchanged since 1975.

retroactively "in the first post-conviction context," *Mays v. United States*, 817 F.3d 728, 730 (11th Cir. 2016) (per curiam), and, in this case, the Eleventh Circuit cited *Descamps* in its opinion affirming Northcutt's ACCA sentence.[6]

The Eleventh Circuit in *Howard* applied *Descamps* to Alabama's third-degree burglary statute, Ala. Code § 13A-7-7, as that statute existed from 1979 to 2015. *Howard* held that Alabama's third-degree burglary statute was "non-generic" because the definition of "building" included things such as vehicles and aircraft, which are outside the scope of generic burglary. *Howard*, 742 F.3d at 1348; *see also* Ala. Code § 13A-7-1 (defining "building" for burglary crimes). It further held that the statute is "indivisible" because under *Descamps*, the property items included in the definition of "building" were "not alternative elements" of the offense of third-degree burglary. *Id.* (citing *Descamps*, 133 S. Ct. at 2292). The Eleventh Circuit concluded that, because the statute was non-generic and indivisible, "a conviction under Alabama Code § 13A-7-7 cannot qualify as generic burglary under the ACCA" and, thus, is not a predicate offense under the ACCA's enumerated-crimes clause. *Howard*, 742 F.3d at 1349 (citing *Descamps*, 133 S. Ct. at 2292); *see also* *Mays*, 817 F.3d at 733 (reiterating that under *Descamps*, "a conviction for third

---

[6]  *Descamps* was decided during the pendency of Northcutt's direct appeal; however, the circuit did not address the issue that Northcutt now presents, namely, whether after *Descamps*, Northcutt's second-degree burglary conviction qualifies as a violent felony under the ACCA's enumerated-crimes clause. The issue on appeal focused on whether the government had submitted sufficient documentation to prove the "fact of [Northcutt's] predicate convictions." (Doc. # 99, at 2, 8, filed in 2:14cr32-WKW.)

degree burglary cannot qualify as a violent felony under the enumerated clause because Alabama Code § 13A-7-7 is an indivisible, non-generic statute" (citing *Howard*, 742 F.3d at 1348–49)).

While Alabama's second-degree burglary statute, in its present form, shares the same definition of "building," which covers property that is not within the scope of generic burglary (such as vehicles and aircraft), *see* Ala. Code § 13A-7-1, Northcutt's conviction was in 1972. Section 13A-7-6's predecessor in 1972 was substantially different. The government has not submitted any reasoned analysis of how *Descamps* and *Howard* affect the 1972 Alabama statute criminalizing second-degree burglary. It merely concedes that Northcutt's second-degree burglary conviction "is not a valid predicate crime for ACCA." (Doc. # 19, at 1; *see also* Doc. # 8, at 29 (asserting in blanket fashion that it "cannot defend Northcutt's sentence against the fundamental claim that this Court wrongly used a conviction in the State of Alabama for second-degree burglary to enhance his sentence under the ACCA")).

The government's concession is not responsive to the Magistrate Judge's Order entered on April 22, 2016, directing the government to

> address whether Northcutt's 1972 Alabama conviction for second-degree burglary constitutes a "violent felony" for purposes of the ACCA in light of the definition of second-degree burglary under Alabama law in effect when he was convicted of that offense (see discussion of statutory language of offense of second-degree burglary in, *e.g.*, *Foreman v. State*, 546 So. 2d 977 (Ala. Crim. App. 1986)) and

> in light of the Eleventh Circuit's opinion in Northcutt's direct appeal
> referencing *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276
> (2013), and affirming Northcutt's sentence under the ACCA. *See
> United States v. Northcutt*, 554 Fed. App'x 875, 878–79 (11th Cir.
> 2014).

(Doc. # 18, at 2.)

The government has submitted no authority that this court is obligated to accept its concession as to the applicability of the ACCA to the predicate conviction of second-degree burglary. The legal issues surrounding whether the ACCA applies to Northcutt are substantial, and the court intends to resolve those issues based on the law, and not on a government concession. Accordingly, the government will be ordered to file a brief that analyzes the issues presented in the Magistrate Judge's April 22, 2016 Order, notwithstanding its concession, and to submit a copy of the Alabama's second-degree burglary statute under which Northcutt was convicted. The government's brief should include specific discussion on whether the enumerated-crimes clause or the elements clause applies to the second-degree burglary statute under which Northcutt was convicted. As to the discussion on the enumerated-crimes clause, the government should address whether the statute at issue is divisible or indivisible. Additionally, because Northcutt appears to argue that, after *Johnson*, his Alabama convictions for assault with intent to murder and first-degree assault no longer qualify as predicate ACCA convictions, the

government also should address the application of the ACCA to these two convictions.  Northcutt will be permitted to file a response.

## III.  CONCLUSION

For the foregoing reasons, a ruling on Petitioner Terry Don Northcutt's motion to vacate, set aside, or correct his sentence (Doc. # 1) is held in abeyance pending additional briefing from the parties.  The government is DIRECTED to file a brief on the issues set out in this opinion, and on any other issues it deems relevant to resentencing.  The government's brief shall be filed on or before **October 7, 2016**. Northcutt is DIRECTED to file a response on or before **October 14, 2016**.

DONE this 26th day of September, 2016.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE