IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY DON NORTHCUTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv242-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Terry Don Northcutt's ("Northcutt") motion under 28 U.S.C.

§ 2255 to vacate, set aside, or correct his sentence, which was enhanced under the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  (Doc. # 1.)  This is Northcutt's first

§ 2255 motion, and it includes a claim under *Johnson v. United States*, 135 S. Ct. 2551

(2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).  For the reasons that follow, it

is the recommendation of the Magistrate Judge that the § 2255 motion be denied without

an evidentiary hearing and this case be dismissed with prejudice.

## I.  BACKGROUND

On December 21, 2012, Northcutt pleaded guilty under a plea agreement to one

count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

According to the presentence investigation report ("PSI"), Northcutt had four prior

convictions, at least three of which subjected him to an ACCA sentencing enhancement.

(PSI at ¶  23.)  Based on the Sentencing Guidelines governing armed career criminals

under the ACCA, Northcutt received an enhancement of his base offense from level 22 to

level 33 and a boost in his criminal history calculation from category III to category IV.[1] (PSI at && 38 & 39.) *See* U.S.S.G. §§ 4B1.4(b)(3)(B), 4B1.4(c). He received no reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines because he absconded while on pretrial electronic monitoring. Based on a total offense level of 33 and a criminal history category of IV, Northcutt's guidelines range was from 188 to 235 months.

Northcutt objected to the PSI's determination that he qualified for an ACCA-enhanced sentence. At the May 9, 2013 sentencing hearing, the district court overruled Northcutt's objection to the ACCA enhancement. (Sentencing Tr. at 33–36 [Doc. # 8-5].) The district court found Northcutt had four predicate Alabama convictions that qualified as violent felonies under the ACCA: (1) a 1972 conviction for second-degree burglary; (2) a 1976 conviction for assault with intent to murder; (3) a 1985 conviction for first-degree assault; and (4) a 1985 conviction for second-degree escape. Although the court found that Northcutt's conviction for second-degree escape qualified as a violent felony, it observed that the other three convictions were sufficient to support the ACCA enhancement even without the escape conviction. (Sentencing Tr. at 37 [Doc. # 8-5].) Ultimately, Northcutt was sentenced to 180 months, which was the sentence the parties agreed to in the plea negotiated under Federal Rule of Criminal Procedure 11(c)(1)(C).

Northcutt appealed his sentence, arguing that his sentence enhancement under the ACCA was erroneous because the government failed to establish with reliable documents

---

[1] The PSI's calculation used the 2012 edition of the Guidelines Manual. (PSI at & 16.)

that he was in fact convicted of the ACCA predicate convictions. The Eleventh Circuit rejected that argument and affirmed Northcutt's ACCA-enhanced sentence. *United States v. Northcutt*, 554 F. App'x 875 (11th Cir. 2014).

In April 2014 Northcutt, proceeding *pro se* at the time, filed this § 2255 motion claiming that his sentencing counsel was ineffective for conceding that his 1972 Alabama conviction for second-degree burglary was a violent felony for purposes of the ACCA. (Doc. # 1 at 4; Doc. # 2 at 2–4.) In particular, Northcutt argued that the elements of burglary in the Alabama statute under which he was convicted were broader than those of "generic burglary" and that the district court therefore erred when finding his conviction under the statute was categorically a violent felony under the ACCA's enumerated-crimes clause, which specifically lists "burglary." (*Id.*)

While Northcutt's § 2255 motion was pending, the Supreme Court held in *Johnson v. United States*, 135 S.Ct. 2551 (2015), that the ACCA's residual clause is unconstitutionally vague. The Court in *Johnson* reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. And in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively in cases on collateral review.

After the Supreme Court decided *Johnson* and *Welch*, Northcutt was permitted to amend his § 2255 motion to add a claim that his sentence was improperly enhanced under the ACCA's residual clause ("*Johnson* claim"). (Doc. # 17 & 18.) In June 2016, this court

appointed the Federal Defender to represent Northcutt in pursuing his *Johnson* claim. (Doc. # 20.) The court later entered an order directing the parties to file briefs addressing, among other things, whether Northcutt's 1972 Alabama conviction for second-degree burglary constitutes a violent felony for purposes of the ACCA in light of the Alabama statute defining second-degree burglary in effect when Northcutt was convicted of that offense.[2] (Doc. # 24.) In its responsive brief, the government argues that Northcutt's 1972 second-degree burglary conviction is a violent felony for purposes of the ACCA and that, because his convictions for assault with intent to murder and first-degree assault are also violent felonies for purposes of the ACCA, his sentence enhancement under the ACCA is proper. (Doc. # 27 at 6–11.) For his part, Northcutt argues that his second-degree burglary conviction is not a qualifying violent felony under the ACCA and that the court should therefore vacate his sentence and resentence him without application of the ACCA. (Doc. # 29.) Northcutt also argues that his prior convictions for assault with intent to murder and for first-degree assault are not qualifying violent felonies under the ACCA. (*Id.*)

## II. DISCUSSION

---

[2] In its original response to the § 2255 motion, the government maintained that Northcutt's second-degree burglary conviction is not a qualifying ACCA predicate conviction but contended that, at a resentencing hearing, it intended to rely on Northcutt's second-degree escape conviction to establish the third predicate conviction for purposes of the ACCA. (Doc. # 8; *see* Doc. # 15.) The government later abandoned its argument regarding Northcutt's escape conviction based upon *Johnson*, an abandonment this court finds well taken. (*See* Doc. # 24 at 5–6.) Based on its concession regarding the escape conviction and its original concession regarding the second-degree burglary conviction, the government then argued that Northcutt should be resentenced without application of the ACCA. (Doc. # 19.) "Confessions of error are, of course, entitled to and given great weight, but they do not relieve this Court of the performance of the judicial function." *Sibron v. New York*, 392 U.S. 40, 58 (1968) (internal quotation marks omitted). As discussed in this Recommendation, the government now argues that Northcutt's second-degree burglary conviction is a qualifying ACCA predicate conviction, and it contends further that Northcutt's sentence was properly enhanced under the ACCA. (*See* Doc. # 27.)

## A.     The ACCA and *Johnson*

Northcutt received a 180-month sentence on his § 922(g)(1) conviction for being a felon in possession of a firearm.  A conviction under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment.  18 U.S.C. § 924(a)(2).  However, under the ACCA, an individual who violates § 922(g) and has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a fifteen-year minimum sentence. 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-crimes clause; and (3) and the residual clause. *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).  The ACCA's residual clause is unconstitutionally vague in light of *Johnson*; hence, for a prior conviction to qualify as a "violent felony" under the ACCA, it must satisfy the definition of either § 924(e)(2)(B)'s elements clause or enumerated-crimes clause.

Northcutt contends that, after *Johnson*, his 1972 Alabama conviction for second-degree burglary is not a violent felony for purposes of the ACCA.  In 1972, when Northcutt

was convicted of second-degree burglary,[3] that offense was defined at Title 14, § 86, Code of Alabama 1940, as follows:

> Any person who, in the daytime, with intent to steal or to commit a felony, breaks into and enters any inhabited dwelling house or any other house or building which is occupied by any person lodged therein, or any person who, either in the nighttime or daytime, with intent to steal or to commit a felony, breaks into and enters any uninhabited dwelling house, or any building, structure or enclosure within the curtilage of any dwelling house, though not forming any part thereof, or into any shop, store, warehouse or other building, structure or enclosure in which any goods, wares, merchandise, or other valuable thing is kept for use, sale, or deposit, provided such structure or enclosure other than a shop, store, warehouse or building is specially constructed or made to keep such goods, wares, merchandise, or other valuable thing, is guilty of burglary in the second degree and shall on conviction be imprisoned in the penitentiary for not less than one year, nor more than ten years.

Title 14, § 86, Code of Alabama 1940 (Recompiled 1958).

Because *Johnson* voided the ACCA's residual clause, and because it is clear that an Alabama conviction for second-degree burglary under Title 14, § 86 would not count under the ACCA's elements clause (i.e., it does not "[have] as an element the use, attempted use, or threatened use of physical force against the person of another"), the decisive question is whether such a conviction counts under the ACCA's enumerated-crimes clause.

## B.  Categorical Approach to Generic Statutes:  *Taylor* and "Generic Burglary"

Although the ACCA's enumerated crimes include the offense of burglary, it is axiomatic by now that not all state burglary statutes qualify as burglary under the ACCA. *See Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016) (citing *Taylor v. United States*,

---

[3] The PSI indicates Northcutt was arrested for the burglary in July 1971. (PSI at & 28.)  Upon his conviction in the Circuit Court of Talladega County, Alabama, in February 1972, he received a two-year suspended sentence and was placed on three years' probation.  (*Id.*)

495 U.S. 575, 598 (1990)). Indeed, "[i]n listing those crimes, … Congress referred only to their usual or (in our terminology) generic versions—not to all variants of the offenses." *Mathis*, 136 S.Ct. at 2248. In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court established a uniform "burglary" definition for the purposes of sentencing under the ACCA. 495 U.S. at 592 ("We think that "burglary" in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes."); *see also Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013) ("We begin with *Taylor v. United States*, which established the rule for determining when a defendant's prior conviction counts as one of ACCA's enumerated predicate offenses (e.g., burglary).") (citing *Taylor*, 495 U.S. 575). "Congress meant by 'burglary,'" the *Taylor* Court held, "the generic sense in which the term is now used in the criminal codes of most States." 495 U.S. at 598. Acknowledging that "the exact formulations vary" across states, the Court concluded that, with regard to the ACCA, "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* (citing W. LaFave & A. Scott, *Substantive Criminal Law* § 8.13(a), (c), (e)). Thus, "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.

In determining whether a prior conviction (here, second-degree burglary under Title 14, § 86, Code of Alabama 1940) is equivalent to generic burglary, the court must "focus

solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Mathis*, 136 S.Ct. at 2248. If the elements of the offense are either "the same as, or narrower than, those of the generic offense," then the conviction meets the ACCA's definition. *Id.* This is known as the "categorical approach." *Id.*; *see United States v. Gundy*, 842 F.3d 1156, 1161 (11th Cir. 2016) ("[F]ocusing on the elements of the statute of conviction is, and always has been, the essential principle governing ACCA cases.").

## C.  Modified Categorical Approach

For the limited purpose of "help[ing] implement the categorical approach," the Supreme Court has also recognized a "narrow range of cases" in which courts can use what is called the "modified categorical approach." *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013) (internal quotation marks omitted). The modified categorical approach allows courts to review a limited class of documents (such as charging papers and jury instructions) from the state proceedings (known as "*Shepard* documents") to find out if the state court convicted the defendant of the generic offense. *See Shepard v. United States*, 544 U.S. 13 (2005); *Mathis*, 136 S.Ct. at 2249. Even though the modified categorical approach lets courts look at facts for that limited purpose, it "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's." *Descamps*, 133 S.Ct. at 2285. "Our inquiry, in this regard, is always about what elements the defendant was convicted of, not the facts that led to that conviction." *United States v. Lockett*, 810 F.3d 1262, 1266 (11th Cir. 2016).

## D.   *Descamps* and Divisibility of Statutes

Before the Supreme Court's decision in *Descamps*, the courts in this circuit "assumed that the modified categorical approach could be applied to all non-generic statutes." *United States v. Howard*, 742 F.3d 1334, 1343 (11th Cir. 2014). "The *Descamps* decision dictates discarding that assumption." *Id*. After *Descamps*, it is appropriate to use the modified categorical approach only if the statute at issue is "divisible," or "comprises multiple, alternative versions of the crime." *Descamps*, 133 S.Ct. at 2284; accord *Mathis*, 136 S.Ct. at 2249 (describing a divisible statute as one that "list[s] elements in the alternative, and thereby define[s] multiple crimes"). "If the statute does this, then [the statute is divisible and] *Shepard* documents will tell us which of these 'several different crimes' a defendant was convicted of. If it does not, then [the statute is indivisible and] no conviction under the statute can be assumed to be generic." *Lockett*, 810 F.3d at 1266; *see Mathis*, 136 S.Ct. at 2248–49.

Explaining *Descamps*' divisibility analysis, the Eleventh Circuit in *Lockett* stated:

> The key is the legal effect of the alternatives. If a "statute lists multiple, alternative elements, and so effectively creates several different crimes," then the statute is divisible. [*Descamps*, 133 S.Ct.] at 2285 (quotation and alteration omitted). So, for a burglary statute, the question is whether "the jury [or judge at a plea hearing] is actually required to find all the elements of generic burglary." *Id*. at 2284 (quotation omitted)…. [I]f a statute "does not require the factfinder (whether jury or judge) to make that determination," then it isn't divisible. *Id*. at 2293; *see also id*. at 2290 "[O]nly divisible statutes enable a sentencing court to conclude that a jury (or judge at a plea hearing) has convicted the defendant of every element of the generic crime. A prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives. And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt." (footnote and citation omitted); *id*. at 2296 (Alito, J., dissenting) ("By an element, I understand the

Court to mean something on which a jury must agree by the vote required to convict under the law of the applicable jurisdiction.").

*Lockett*, 810 F.3d at 1269.

### E. The Eleventh Circuit and Alabama's Burglary Statute

The Eleventh Circuit in *Howard*, *supra*, applied *Descamps* to Alabama's third-degree burglary statute, Ala. Code § 13A-7-7, as that statute existed from 1979 to 2015.[4] *Howard* held that Alabama's third-degree burglary statute was "non-generic" because the definition of "building," as used in the statute and specifically defined at § 13A-7-1, included things such as vehicles, aircraft, and watercraft, which are outside the scope of generic burglary. *Howard*, 742 F.3d at 1348; *see* Ala. Code § 13A-7-1(2).[5] Comparing the elements of Alabama third-degree burglary to generic burglary, Alabama third-degree burglary criminalizes broader conduct. Specifically, it also criminalizes unlawful entry into vehicles, aircraft, and watercraft. Generic burglary does not. *Id.* The Court in *Howard* further held that Alabama's third-degree burglary statute was "indivisible" because, under *Descamps*, the various listed items included in the statute's definition of "building" were

---

[4] From 1979 to 2015, Ala. Code § 13A-7-7 provided, "A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." Ala. Code § 13A-7-7(a). The statute was amended significantly in January 2016.

[5] Section 13A-7-1(2) of the Alabama Code defines "building," for purposes of the burglary offenses set out in Ala. Code §§ 13A-7-7 (third-degree burglary) & 13A-7-6 (second-degree burglary), as follows:

> Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein, and such term includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof.

Ala. Code § 13A-7-1(2). In August 2016, the statute's subsection designation was renumbered as § 13A-7-1(1).

"not alternative elements" of the offense of third-degree burglary defining multiple distinct crimes. *Id*. (citing *Descamps*, 133 S. Ct. at 2292). Instead, the statute listed various *factual* means of committing a single element of the offense, making it indivisible. *See Mathis*, 136 S.Ct. at 2249. The Eleventh Circuit concluded that, because the statute was non-generic and indivisible, "a conviction under Alabama Code § 13A-7-7 cannot qualify as generic burglary under the ACCA" and, thus, is not a predicate offense under the ACCA's enumerated-crimes clause. *Howard*, 742 F.3d at 1349 (citing *Descamps*, 133 S. Ct. at 2292); *see also Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016) (reiterating that under *Descamps*, "a conviction for third degree burglary cannot qualify as a violent felony under the enumerated clause because Alabama Code § 13A-7-7 [as that statute existed from 1979 to 2015] is an indivisible, non-generic statute" (citing *Howard*, 742 F.3d at 1348–49)).

Alabama's *second*-degree burglary statute in its present form, Alabama Code § 13A-7-6, takes the same definition of the term "building" as its third-degree burglary statute, with the definition provided in § 13A-7-1(1) (formerly § 13A-7-1(2)). Thus, in light of *Howard* (even though *Howard* considered only Alabama's third-degree burglary statute), where a defendant is convicted of burglarizing a building in violation of Alabama's current second-degree burglary statute, the offense of conviction would not constitute generic burglary—as the statute's broader definition of "building" criminalizes

conduct outside the scope of generic burglary—and it would therefore not be a qualifying violent felony under the ACCA's enumerated-crimes clause.[6]

## F.     Northcutt's Second-Degree Burglary Conviction

Unlike the defendant in *Howard*, who was convicted under Alabama's third-degree burglary statute, Northcutt was convicted of second-degree burglary in Alabama.   And because Northcutt committed the burglary in 1971 and was convicted of that offense in 1972, the burglary statute at issue in this case is not Ala. Code § 13A-7-6, Alabama's current second-degree burglary statute, but is instead Title 14, § 86, Code of Alabama 1940, the statute indisputably in effect at the time of Northcutt's crime and 1972 conviction. Northcutt contends that his second-degree burglary conviction under § 86 is not a qualifying violent felony for purposes of the ACCA and that the court should therefore vacate his ACCA sentence.   Thus, the first task for this court is to ascertain, using the "categorical approach," whether the elements of second-degree burglary as defined in § 86 are either the same as, or narrower than, those of generic burglary, i.e., the "unlawful or

---

[6] In addition to criminalizing unlawful entry into a building, *see* § 13A-7-6(a), Alabama's current second-degree burglary statute contains an alternative subsection, § 13A-7-6(b), criminalizing unlawful entry into "a lawfully occupied dwelling-house." Ala. Code § 13A-7-6(b).  The undersigned is unaware of any court decision conducting a divisibility analysis of § 13A-7-6 in light of *Descamps*.  On its face, however, § 13A-7-6 would appear to be a divisible statute.  The undersigned is also unaware of any court decision applying a modified categorical approach to assess a conviction under § 13A-7-6 specifically to find that the conduct of a defendant who burglarized a "lawfully occupied dwelling-house" constitutes generic burglary.  In any event, that issue is not before the court in Northcutt's case, because Northcutt was convicted under a different second-degree burglary statute.  The undersigned also notes that another subsection of § 13A-7-6 sets out means of violating the statute that arguably involve the use or threatened use of physical force, which would qualify as a violent felony under the ACCA's "elements clause."  *See* Ala. Code § 13A-7-6(a)(3).  Again, however, that is not an issue before the court in Northcutt's case.

unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599.

For purposes of analysis, the court here repeats Title 14, § 86's definition of second-degree burglary:

> Any person who, in the daytime, with intent to steal or to commit a felony, breaks into and enters any inhabited dwelling house or any other house or building which is occupied by any person lodged therein, or any person who, either in the nighttime or daytime, with intent to steal or to commit a felony, breaks into and enters any uninhabited dwelling house, or any building, structure or enclosure within the curtilage of any dwelling house, though not forming any part thereof, or into any shop, store, warehouse or other building, structure or enclosure in which any goods, wares, merchandise, or other valuable thing is kept for use, sale, or deposit, provided such structure or enclosure other than a shop, store, warehouse or building is specially constructed or made to keep such goods, wares, merchandise, or other valuable thing, is guilty of burglary in the second degree and shall on conviction be imprisoned in the penitentiary for not less than one year, nor more than ten years.

Title 14, § 86, Code of Alabama 1940 (Recompiled 1958).

Breaking the statute down into its locational elements, § 86 criminalizes unlawful entry (with the intent to commit a crime) into the following places:

- any inhabited dwelling house (when the unlawful entry occurs in the daytime);

- any other house or building occupied by any person lodged therein (when the unlawful entry occurs in the daytime);

- any uninhabited dwelling house (whether the unlawful entry occurs in the daytime or the nighttime);

- any building, structure or enclosure within the curtilage of any dwelling house, though not forming any part thereof (whether the unlawful entry occurs in the daytime or the nighttime);

13

- any shop, store, warehouse, or other building in which any goods, wares, merchandise, or other valuable thing is kept for use, sale, or deposit (whether the unlawful entry occurs in the daytime or the nighttime); and

- any structure or enclosure in which any goods, wares, merchandise, or other valuable thing is kept for use, sale, or deposit, provided the structure or enclosure is specially constructed or made to keep such goods, wares, merchandise, or other valuable thing (whether the unlawful entry occurs in the daytime or the nighttime).[7]

While one of the proscribed locations in § 86 is any "building," Alabama's burglary statute in 1972, unlike its current burglary statute, contained no specific definition of building. More to the point, unlike the current burglary statute, Alabama's burglary statute in 1972 contained no language expressly or implicitly defining the term building to include, besides its ordinary meaning, things such as vehicles, aircraft, and watercraft—locations included in Alabama's current burglary statute that expand the meaning of "building" beyond the scope of generic burglary. *See Howard*, 742 F.3d at 1348; Ala. Code § 13A-7-1(2). As used in § 86, the term "building" appears to match the meaning of building as an element of generic burglary, i.e., *Taylor*'s definition of generic burglary as the "unlawful or unprivileged entry into, or remaining in, a *building* or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599 (emphasis added). Certainly, there is no suggestion that the term "building" as used in the older statute should be construed so broadly as to include

---

[7] That the statute criminalizes certain unlawful entries occurring in the daytime and criminalizes other unlawful entries occurring either in the daytime or nighttime is inconsequential to the court's analysis of whether a conviction under § 86 is equivalent to generic burglary. The time-of-day elements in § 86 do not have the effect of criminalizing broader conduct than that criminalized under generic burglary.

vehicles, aircraft, or watercraft—locations expressly included under the current burglary statute.

What about the other proscribed locations in § 86?  Besides buildings, the statute also criminalizes unlawful entry into dwelling houses;[8] structures and enclosures within the curtilage[9] of a dwelling house; shops, stores, warehouses, and other buildings in which goods, wares, merchandise, or other valuable things are kept for use, sale, or deposit; and structures and enclosures in which goods, wares, merchandise, or other valuable things are kept for use, sale, or deposit, if the structure or enclosure is specially constructed for such purposes.  Like "building," none of these terms is expressly defined in the older statute. Case law, however, indicates that courts have interpreted § 86 narrowly, so that none of the proscribed locations in the statute has a meaning broader than what is included in generic burglary.  In *Hulbert v. Alabama*, 208 So.2d 92 (Ala. 1968), a 1968 Alabama Supreme Court case, the Alabama Supreme Court held that the term "structure" in § 86 should be construed as having the characteristics of the other proscribed places specified in the statute:  a structure "must consist of four walls and a roof, and, if not resting on the earth's surface as a floor, must have a floor of other material, and must be susceptible of

_____

[8] In *United States v. Gundy*, 842 F.3d 1156, 169–70 (11th Cir. 2016), the Eleventh Circuit specifically recognized the term "dwelling house" as a locational element satisfying *Taylor*'s generic-burglary definition.

[9] Section 86 does not criminalize the mere unlawful entry of the curtilage.  By its language, it criminalizes the unlawful entry of various buildings and structures located within the curtilage of a dwelling house. Thus, the appearance of the word "curtilage" in § 86 does not, in itself, sweep the definition of second-degree burglary under § 86 beyond the scope of generic burglary and does not create the generic-burglary overbreadth issue inherent in, for instance, Florida's burglary statute, which allows a burglary conviction when a defendant burglarizes the curtilage itself.  *See, e.g., United States v. Esprit*, 841 F.3d 1235, 1240–41 (11th Cir. 2016).

being entered by a human being." 208 So.2d at 93–94 (citing *Chaney v. Alabama*, 142 So. 104, 105 (1932)). The Fourth Circuit cited *Hulbert* in *United States v. Lafity*, 47 F.3d 1166 (4th Cir. 1995) (unpublished), when called upon to evaluate the claim by a federal defendant sentenced under the ACCA that his Alabama conviction for second-degree burglary under § 86 was improperly treated as a violent felony because § 86 was overbroad for purposes of generic burglary. In particular, the defendant in *Lafity* claimed that § 86 was overbroad because it criminalized unlawful entries into "enclosures," which the defendant argued were beyond the scope of generic burglaries. *Id.*, 47 F.3d 1166, at *2. The Fourth Circuit rejected this claim. After noting that Alabama courts strictly construe § 86 and observing that, regarding the locational element of burglary, courts have found overly broad (for purposes of generic burglary) statutes that extend to unlawful entry of, for instance, railroad cars, vehicles, and vending machines, the Court in *Lafity* found that "the Alabama second degree burglary statute 'corresponds in substance to the generic meaning of burglary.' *Taylor*, 495 U.S. at 599." *Lafity*, 47 F.3d 1166, at *3. The undersigned agrees and likewise finds § 86 to correspond to the meaning of generic burglary. No reasonable construction of § 86 broadens the statute beyond the scope of generic burglary. Section 86 criminalizes the unlawful entry into[10] only places that fall within the locational element of generic burglary.

---

[10] Rather than using the term "unlawful entry into," § 86 makes it a crime to "break into and enter[ ]" the the proscribed locations. For purposes of generic burglary, "breaking and entering" constitutes the generic element of unlawful entry. *See Descamps v. United States*, 133 S.Ct. 2276, 2292 (2013) (The generic burglary offense established in *Taylor* "excludes any case in which a person enters premises open to the public, no matter his intent; the generic crime requires breaking and entering or similar unlawful activity.").

Because no reasonable construction of § 86 broadens the statute beyond the scope of generic burglary, Northcutt's 1972 Alabama conviction for second-degree burglary was a qualifying violent felony ("burglary") under the ACCA's enumerated-crimes clause and Northcutt's counsel at sentencing was not ineffective for failing to challenge use of that conviction as an ACCA predicate conviction. Because application of the categorical approach to § 86 establishes that the elements of second-degree burglary under the statute are either the same as, or narrower than, those of generic burglary, it is unnecessary for this court to conduct a divisibility analysis of § 86 to determine the propriety of using a modified categorical approach regarding Northcutt's 1972 conviction under that statute.[11]

## H. Northcutt's Other Prior Convictions

In addition to relying on Northcutt's 1972 Alabama conviction for second-degree burglary when finding Northcutt subject to the ACCA enhancement, the district court relied on Northcutt's 1985 Alabama conviction for first-degree assault and his 1976 Alabama conviction for assault with intent to murder. (Sentencing Tr. at 37 [Doc. # 8-5].)

A conviction for first-degree assault under Alabama law is possible under any of five enumerated paragraphs in Ala. Code § 13A-6-20(a),[12] which set out alternative

---

[11] Although a divisibility analysis of § 86 is unneeded here, the undersigned finds it arguable that § 86 is divisible so as to comprise alternative versions of the crime of second-degree burglary, one alternative by which the offense can be committed only in the daytime and involves the unlawful entry (with intent to commit a crime) into "any inhabited dwelling house or any other house or building which is occupied by any person lodged therein"; and a second alternative, which can be committed either in the daytime or the time, and involves the unlawful entry (with intent to commit a crime) into any other of the locational elements listed in the statute.

[12] Under Alabama law, a person commits the offense of first-degree assault if:

elements of the offense.  In Northcutt's direct appeal, the Eleventh Circuit indicated that §

13A-6-20(a) is a divisible statute where a modified categorical approach is appropriate in

determining if the offense of conviction was a qualifying ACCA violent felony.  *See*

*Northcutt*, 554 F. App'x 875 at 878-79.  The Eleventh Circuit then held that the district

court properly relied upon Northcutt's indictment as a *Shepard* document in determining

that Northcutt's first-degree assault conviction was a qualifying ACCA predicate offense.

*Id.*  The indictment under which Northcutt was convicted of first-degree assault charged,

in pertinent part, that Northcutt "did, with intent to cause serious physical injury to another

person, cause serious physical injury to Gerald Wayne Bennett, by means of a deadly

weapon, to wit: a knife, in violation of § 13A-6-20 of the Code of Alabama, 1975 as

amended."  *See* Case No. 2:12cr32-WKW, Doc. # 73-1 at 1; *see* Ala. Code § 13A-6-

---

(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or

(2) With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such an injury to any person; or

(3) Under circumstances manifesting extreme indifference to the value of human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person; or

(4) In the course of and in furtherance of the commission or attempted commission of arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree or any other felony clearly dangerous to human life, or of immediate flight therefrom, he causes a serious physical injury to another person; or

(5) While driving under the influence of alcohol or a controlled substance or any combination thereof ... he causes serious bodily injury to the person of another with a motor vehicle.

Ala. Code § 13A-6-20(a).

20(a)(1).  Clearly, Northcutt's first-degree assault conviction was a qualifying violent felony under the ACCA's "elements clause," because the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *See* 18 U.S.C. § 924(e)(2)(B).  Moreover, under  § 13A-6-20(a)(1), a conviction can only be obtained where the offender intended to cause the serious physical injury.

Finally, Alabama law at the time of Northcutt's 1976 conviction for assault with intent to murder (based on acts Northcutt committed in September 1975) defined that offense as having the elements of (1) an assault and (2) an intent to murder.  *McArdle v. State*, 372 So.2d 897, 900 (Ala. Crim. App. 1979); *Lawhon v. State*, 41 Ala.App. 577, 141 So.2d 205 (1962); *see* Title 14, § 38, Code of Alabama 1940 (defining crime as a felony).  *See Hall v. State*, 348 So.2d 870, 874 (Ala. Crim. App. 1977) (emphasis added) (stating that Alabama statute referring to assault with intent to murder, Title 14, § 38, "is a codification of the common law.  *The statute does not create the offense or the constituents of the offense, it merely elevates the crime from a misdemeanor to a a felony.*").  To authorize a conviction for assault with intent to murder under Alabama law, the evidence must show an assault with intent to take life, under circumstances which would have constituted murder had death resulted.  *Hamm v. State*, 56 Ala.App. 632, 324 So.2d 345 (1975).  An intent to take life is an essential element of the offense. *Morgan v. State*, 33 Ala. 413 (1859); *Bowen v. State*, 32 Ala.App. 357, 26 So.2d 205 (1946).  The undersigned can conceive of no act involving an assault with the intent to take the life of another person that would not have as an element the intentional "use, attempted use, or threatened use of

physical force against the person of another."[13] *See* 18 U.S.C. § 924(e)(2)(B). Consequently, the court finds that Northcutt's 1976 Alabama conviction for assault with intent to murder was a qualifying violent felony under the ACCA's elements clause.

The undersigned concludes that the district court properly applied the ACCA enhancement to Northcutt's sentence based on his 1972 conviction for second-degree burglary; his 1986 conviction for first-degree assault, and his 1976 conviction for assault with intent to murder, all of which were qualifying "violent felonies" for purposes of the ACCA. Consequently, Northcutt is not entitled to relief on the claims in his § 2255 motion.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Northcutt be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 16, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of

---

[13] According to the PSI, the facts underlying Northcutt's conviction for assault with intent to murder were that Northcutt became involved in a fight with several individuals after crashing his car into the home of one of the individuals. (PSI at & 29.) During the fight, he shot the homeowner in the abdomen, cut another individual with a knife, and shot twice at a third individual but missed. (*Id.*)

legal and factual issues covered in the Recommendation and waives the right of the party

to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-

1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v.*

*City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

     DONE this 2nd day of August, 2017.


        /s/  Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        CHIEF UNITED STATES MAGISTRATE JUDGE