IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY DON NORTHCUTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-242-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

In May 2013, Petitioner Terry Don Northcutt received a 180-month sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Northcutt's enhanced sentence under the ACCA was based upon three predicate violent felony convictions: (1) a 1972 Alabama conviction for second-degree burglary; (2) a 1976 Alabama conviction for assault with intent to murder; and (3) a 1985 Alabama conviction for first-degree assault.

In April 2014, Northcutt filed a *pro se* 28 U.S.C. § 2255 motion, contending that his sentencing counsel was ineffective for conceding that his 1972 Alabama conviction for second-degree burglary under § 13A-7-6 of the Code of Alabama was a violent felony under the ACCA. The next year, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the ACCA's residual clause is

unconstitutionally vague. The *Johnson* Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively in cases on collateral review. After the Supreme Court decided *Johnson* and *Welch*, Northcutt was permitted to amend his § 2255 motion to add a claim that his sentence was improperly enhanced under the ACCA's residual clause ("*Johnson* claim"), and counsel was appointed. In his § 2255 motion, Northcutt argues that none of his prior convictions qualifies as a "violent felony" for purposes of the ACCA.

In a Recommendation, filed pursuant to 28 U.S.C. § 636(b), the Magistrate Judge finds that Northcutt's prior felony convictions qualify as violent felonies under the ACCA, notwithstanding *Johnson*'s abolition of the ACCA's residual clause. He also concludes that Northcutt's sentencing counsel was not "ineffective for failing to challenge use of th[e 1972 Alabama second-degree burglary] conviction as an ACCA predicate conviction." (Doc. # 33, at 17.) Accordingly, the Magistrate Judge recommends that Mr. Northcutt's § 2255 motion be denied.

Northcutt filed objections to the Magistrate Judge's Recommendation. (Doc. # 39.) Based upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b), the Recommendation is due to be adopted and the objections are due to be overruled.[1]

## II. DISCUSSION

Northcutt objects to the Recommendation's findings that his three prior convictions qualify as violent felonies under the ACCA and that his sentencing counsel was not ineffective for conceding that the ACCA applied to his 1972 Alabama conviction for second-degree burglary. The objections are addressed in turn.[2]

### A. <u>1972 Alabama Conviction for Second-Degree Burglary</u>

Northcutt argues that the Magistrate Judge incorrectly concludes that his 1972 Alabama conviction for second-degree burglary is a generic burglary and, thus, qualifies as a violent felony under the ACCA. Northcutt's corollary argument is that his counsel was ineffective for conceding the ACCA's applicability to this

---

[1] Northcutt received new appointed counsel on August 17, 2017, after the Federal Defender was permitted to withdraw from representation. (Doc. # 40.) Although the objections ultimately lack merit, Northcutt's present counsel filed a plethora of thoughtful objections.

[2] The facts and applicable law are set out in more detail in the Recommendation and are not repeated here except as necessary to understand the court's decision.

conviction. As explained, contrary to Northcutt's contentions, the Magistrate Judge's conclusions are well reasoned and correct.

The ACCA encompasses a felony conviction that "is burglary," § 924(e)(2)(B)(ii), so long as the crime underlying the conviction satisfies the elements of generic burglary. *See Taylor v. United States*, 495 U.S. 575, 599 (1990) ("[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."). If the state statute's "elements are the same as, or narrower than, those of the generic offense" of burglary, the prior burglary conviction will count as an ACCA predicate. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

Applying these principles, the Magistrate Judge analyzes Alabama's second-degree burglary statute then in effect, which was Title 14, § 86, of the Code of Alabama 1940 ("§ 86"). Employing the categorical approach, the Magistrate Judge concludes that the statutory elements of second-degree burglary are the same as, or narrower than, those of generic burglary. He also finds that Alabama courts have interpreted § 86 narrowly, criminalizing the unlawful entry into places that fall only within the locational element of generic burglary. (Doc. # 33, at 15–16 (first

citing *Hulbert v. Alabama*, 208 So. 2d 92 (Ala. 1968) (holding that a "pay telephone" was not a structure within the meaning of § 86); then citing *Chaney v. Alabama*, 142 So. 104, 105 (Ala. 1932) (holding that a gasoline pump was not a structure under a predecessor to § 86); and then citing *United States v. Lafity*, 47 F.3d 1166 (4th Cir. 1995) (unpublished decision) (discussing *Chaney*, 142 So. at 104))). The Magistrate Judge reasons that, because no reasonable construction of § 86 broadens the statute beyond the scope of generic burglary, Northcutt's 1972 Alabama conviction for second-degree burglary was a qualifying violent felony under the ACCA's enumerated-crimes clause. He further opines that, consequently, Northcutt's sentencing counsel was not ineffective for failing to challenge the use of that conviction as an ACCA predicate.

Northcutt finds fault, however, in the Magistrate Judge's Recommendation. First, he seizes upon the word "curtilage" in § 86 and argues that it makes the offense broader than generic burglary because the curtilage is not a location included within the offense of generic burglary. But the Recommendation itself correctly explains why this argument is erroneous:

> Section 86 does not criminalize the mere unlawful entry of the curtilage. By its language, it criminalizes the unlawful entry of various *buildings and structures located within the curtilage* of a dwelling house. Thus, the appearance of the word 'curtilage' in § 86 does not, in itself, sweep the definition of second-degree burglary under § 86 beyond the scope of generic burglary and does not create the

5

> generic-burglary overbreadth issue inherent in, for instance, Florida's burglary statute, which allows a burglary conviction when a defendant burglarizes the curtilage itself. *See, e.g., United States v. Esprit*, 841 F.3d 1235, 1240– 41 (11th Cir. 2016).

(Doc. # 33, at 15 n.9 (emphasis added).)

Second, Northcutt contends that § 86 is overbroad (and thus is a non-generic burglary). For instance, according to Northcutt, § 86 is overbroad because it criminalizes entries into buildings that are initially lawful and entries made by a tool (rather than by a person). But this line of argument is undeveloped, contradicts Alabama courts' strict construction of § 86, and does not find support in the statutory language.

Section 86 requires a "*break[ing] into* and entering," which implies unlawfulness. (*See, e.g.*, Doc. # 33, at 13 (observing that § 86 proscribes unlawful entries).) Northcutt submits no Alabama case law interpreting a "breaking into" as encompassing a lawful entry. *Cf. Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (observing that "this Court found that a California statute swept more broadly than generic burglary because it criminalized entering a location (even if lawfully) with the intent to steal, and thus encompassed mere shoplifting" (citing *Taylor*, 495 U.S. at 591).

Additionally, in his § 2255 original briefing (but not in his objections), Northcutt cites an Alabama decision interpreting a predecessor to § 86, which held

6

that boring a hole through the floor of a corn crib completed the entry because the tool "aid[ed] in the consummation of the criminal intent." *Walker v. State*, 63 Ala. 49, 51 (1879) ("[W]hen, as in this case, the instrument is employed, not only to break, but to effect the only entry contemplated, and necessary to the consummation of the criminal intent; when it is intruded within the house, breaking it, effecting an entry, enabling the person introducing it to consummate his intent, the offense is complete."); (Doc. # 29, at 11–12.) Northcutt does not explain, though, why entry by a tool in the circumstances set out in *Walker*, if sufficient under § 86 to effect an entry, would render § 86 broader than generic burglary. He fails to cite any authority to support this contention, which is contrary to the Tenth Circuit's holding in *United States v. Cartwright*, 678 F.3d 907 (10th Cir. 2012).

In *Cartwright*, the Tenth Circuit rejected the argument that the "generic definition of burglary contemplates a personal, physical bodily breaking and entering." *Id.* at 912 ("[W]hen the Supreme Court issued *Taylor*, 'entry' included situations where a person used a tool or an instrument to achieve his felonious purpose. No language in *Taylor* indicates the Supreme Court sought to exclude entry by tool from the definition of 'entry.'" (internal citation omitted) (citing *Taylor*, 495 U.S. 575)). These arguments do not demonstrate any error in the Magistrate Judge's Recommendation.

Third, and finally, it is not necessary to address Northcutt's argument that § 86 is not divisible. "If the statute is generic," which the Recommendation correctly finds that § 86 is, "all convictions under the statute necessarily count as ACCA predicates." *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014). "[T]here is no need for further analysis" to determine whether the statute is divisible or whether the modified categorical approach applies. *Id.*

B. **<u>1976 Alabama Conviction for Assault with Intent to Murder</u>**

Northcutt next contends that, contrary to the Recommendation's finding, his 1976 Alabama conviction for assault with intent to murder is not a qualifying violent felony under the ACCA's elements clause. *See* § 924(e)(2)(B)(i) (defining "violent felony" as including any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (elements clause)). He argues that, at the time of his offense and conviction, under Alabama law, it was possible to commit an assault without using actual, attempted, or threatened physical force as required under the elements clause of the ACCA. (Doc. # 41, at 12.)

The Magistrate Judge recited the relevant history of the Alabama crime of assault with intent to commit murder. Observing that the crime's elements were defined by common law, the Magistrate Judge could "conceive of no act involving

8

an assault with the intent to take the life of another person that would not have as an element the intentional 'use, attempted use, or threatened use of physical force against the person of another.'" (Doc. # 33, at 19–20 (quoting § 924(e)(2)(B).)

Northcutt cites no authority that sheds doubt on the Magistrate Judge's cognition. For instance, Northcutt cites *Dickson v. State*, 106 So. 619 (Ala. 1925), to support his position that, under Alabama common law, assault with intent to murder can be "accomplished by omissions," and not by physical force. (Doc. # 41, at 10.) But, under Alabama law, it is more than an omission to abandon a helpless infant and discard him like a piece of rubbish, alone and unprotected in inclement weather; there is an affirmative act, which one learned treatise has categorized as a weapon of force. *See* 6A C.J.S. Assault § 81 (citing *Dickson*, 106 So. at 619). The weapon "used to administer the force" is the exposure of the infant to extreme weather. *Id.* While Northcutt's argument lacks force, the offense of assault with intent to murder underlying his conviction has the requisite ACCA force.[3]

---

[3] Northcutt also challenges the government's proof at sentencing as to the fact of the prior convictions. He fails to mention that he raised this same argument on appeal, and the Eleventh Circuit rejected it. *See United States v. Northcutt*, 554 F. App'x 875, 879 (11th Cir. 2014) (holding that "the district court did not err in relying upon the government's submitted documents to prove the fact of Northcutt's three predicate convictions for the ACCA enhancement"). Northcutt does not argue any grounds or cite any authority that would permit him to make this argument again in a § 2255 motion. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (alteration and citation omitted)).

## C. 1985 Alabama Conviction for First-Degree Assault

Finally, Northcutt challenges the Recommendation's finding that his 1985 Alabama conviction for first-degree assault is a violent felony under the ACCA's elements clause. At bottom, Northcutt contends that there were no *Shepard* documents delineating under which alternative offense element Northcutt's conviction arose. (*See* Doc. # 41, at 16); *see also Shepard v. United States*, 544 U.S. 13, 18–19 (2005). The argument is superficial and amounts to an impermissible attempt to reassert an argument that the Eleventh Circuit rejected on direct appeal.

The indictment charging Northcutt with first-degree assault provided that he "did, with intent to cause serious physical injury to another person, cause serious physical injury to Gerald Wayne Bennett, by means of a deadly weapon, to wit: a knife, in violation of § 13A-6-20 of the Code of Alabama, 1975 as amended." Although Northcutt is correct that the indictment did not specifically cite subsection (a)(1) of § 13A-6-20, the indictment parallels the language of subsection (a)(1). *See* Ala. Code § 13A-6-20(a)(1) ("(a) A person commits the crime of assault in the first degree if: (1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument."). Not only does the indictment belie Northcutt's

argument, but his argument amounts to a trivial variation of one he made on appeal unsuccessfully; he has given no reason why he should be permitted to make the argument again in this § 2255 proceeding, *see* supra n.3.

In short, the Recommendation correctly concludes that Northcutt's first-degree assault conviction is a qualifying violent felony under the ACCA's elements clause because the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B). Moreover, because Northcutt's second-degree burglary conviction counts under the ACCA, sentencing counsel's failure to contest the use of that conviction under the ACCA does not rise to the level of ineffective assistance of counsel. Northcutt's arguments to the contrary, as highlighted above, are not persuasive.

### III. CONCLUSION

The Magistrate Judge's recommended decision that this court reject Northcutt's collateral challenge to his ACCA-enhanced sentence and to his counsel's performance at sentencing contains no error, and the objections to that recommended decision lack merit. According, it is ORDERED as follows:

(1) Petitioner's objections (Doc. # 41) are OVERRULED;

(2) The Recommendation of the Magistrate Judge (Doc. # 33) is ADOPTED;

(3) Northcutt's 28 U.S.C. § 2255 motion is DENIED;

(4) This action is DISMISSED with prejudice; and

(5) Northcutt is DENIED a certificate of appealability.

A final judgment will be entered separately.

DONE this 26th day of September, 2017.

                                              /s/ W. Keith Watkins
                                   CHIEF UNITED STATES DISTRICT JUDGE